UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:20-cv-00135-MR

| | |
|---|---|
| JOHNNY WARREN SPEIGHT, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>EDDIE M. BUFFALOE, Jr., Secretary )<br>of Department of Public Safety,[1] )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on initial review of the Petition for Writ of Habeas Corpus filed by the Petitioner, Johnny Warren Speight, pursuant to 28 U.S.C. § 2254 on August 28, 2020. [Doc. 1]. Also before the Court is the Motion to Proceed *in Forma Pauperis*, filed by the Petitioner on September 4, 2020. [Doc. 2].

I.  **BACKGROUND**

Johnny Warren Speight (the "Petitioner") is a prisoner of the State of

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates and has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]"). Accordingly, Eddie M. Buffaloe, Jr., the current Secretary of the North Carolina Department of Public Safety, is the proper respondent in this action.

North Carolina. The Petitioner is currently serving a sentence of 70 to 93 months of incarceration following a December 3, 2014 conviction in Catawba County Superior Court for conspiracy to traffic in methamphetamine, to which he pleaded guilty. [Doc. 1 at 1].

Although the Petitioner states that he filed a direct appeal, he provides no information concerning the dates or outcome of any direct appeal filed with the North Carolina Court of Appeals following his 2014 judgment of conviction. The information provided in his petition indicates that what he actually filed was a motion for appropriate relief ("MAR"), filed in the Catawba County Superior Court on October 7, 2019, raising ineffective assistance of counsel and sentencing error. [Id. at 2, 5, 20, 35]. The MAR was denied and dismissed on October 30, 2019. [Id.]. The Petitioner appealed that decision, and the North Carolina Court of Appeals dismissed the appeal on March 24, 2020. [Id.]. He then filed a petition for discretionary review, which the North Carolina Supreme Court denied on August 7, 2020. [Id. at 3].

The Petitioner filed his Petition for Writ of Habeas Corpus on August 28, 2020. [Doc. 1]. The Petitioner alleges that his due process rights were violated and that in entering his guilty plea, he relied upon his attorney's representations that his sentence would run concurrent to a sentence he was serving in South Carolina. [Doc. 1 at 5, 17-21]. The Petitioner claims he

2

Case 5:20-cv-00135-MR   Document 3   Filed 05/18/22   Page 2 of 6

later discovered that his North Carolina sentence would run consecutive to the South Carolina sentence. [Id.]. The Petitioner requests this Court remand the matter for a new sentencing hearing. [Doc. 1 at 14].

## II. DISCUSSION

### A. Timeliness of § 2254 Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

3

The Petitioner's judgment of conviction was entered on December 3, 2014. [Doc. 1 at 1]. To the extent he retained a right to a direct appeal after entering his guilty plea, the Petitioner had 14 days to file a notice of appeal. See N.C.R.App.P. 4(a)(2)(providing 14 days in which to seek appellate review of criminal judgment and conviction). Although the Petitioner indicates that he filed a direct appeal, he provides no information concerning the dates or outcome of any direct appeal filed with the North Carolina Court of Appeals following his judgment of conviction. Thus, the Petitioner's conviction became final on December 17, 2014, when the time for seeking a direct appeal expired. The one-year statute of limitations contained in the AEDPA then began running for 365 days until it expired on or about December 17, 2015. See 28 U.S.C. § 2244(d)(1).

The Petitioner filed his MAR in Catawba County Superior Court on October 7, 2019 and it was denied and dismissed on October 30, 2019. [Id. at 2, 5, 20, 35]. While a timely filed MAR may toll the one-year statute of limitations, the Petitioner's MAR was filed several years after the statute of limitations expired on December 17, 2015, and therefore could not have revived the limitations period or tolled the time to file a federal habeas petition. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing

that state applications for collateral review cannot revive an already expired federal limitations period).

The Petitioner's August 28, 2020 § 2254 petition, filed almost five years after the statute of limitations expired, is therefore untimely. The petition is subject to dismissal unless the Petitioner can show that he is entitled to statutory tolling under § 2244(d)(1) or equitable tolling of the limitations period for good cause shown. As such, the Court will grant the Petitioner twenty-one (21) days in which to explain why his § 2254 petition should not be dismissed as untimely, including any reasons why statutory or equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

### B. Motion to Proceed *in Forma Pauperis*

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 2]. Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

Although the Petitioner indicates he has no money in any accounts, he states that he receives $ 60.00 per month in wages. [Doc. 2 at 1]. As such, the Court finds that the Petitioner has adequate resources to pay the required

$5.00 filing fee. Therefore, the Court will deny the Petitioner's motion and order him to pay the $5.00 filing fee within thirty (30) days of this Order.

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner shall, within twenty-one (21) days of entry of this Order, file a document explaining why his § 2254 petition should not be dismissed as untimely.

2. The Petitioner's Motion to Proceed *in Forma Pauperis* [Doc. 2] is **DENIED WITHOUT PREJUDICE**. The Petitioner shall pay the required $5.00 filing fee within thirty (30) days of the entry of this Order.

3. Failure to comply with the provisions of this Order will likely result in the dismissal of this action.

**IT IS SO ORDERED.**

Signed: May 18, 2022

Martin Reidinger
Chief United States District Judge