UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:20-cv-00135-MR

| | |
|---|---|
| JOHNNY WARREN SPEIGHT, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> CATAWBA COUNTY SUPERIOR ) <br> COURT, ) <br> ) <br> Respondent. ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's response [Doc. 7] to the Court's Braxton Order [Doc. 3]; Petitioner's Second Motion to Proceed in Forma Pauperis [Doc. 5]; and on the Petitioner's Pro Se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 [Doc. 1].

**I.    BACKGROUND**

Johnny Warren Speight ("Petitioner") is a prisoner of the State of North Carolina. On December 3, 2014, Petitioner pleaded guilty to and was convicted of one count of conspiracy to traffic in methamphetamine in the Superior Court of Catawba County. He was sentenced to 70 to 93 months' incarceration. [Doc. 1 at 1].

Although Petitioner states that he filed a direct appeal, he provided no information regarding the dates or outcome of any direct appeal to the North Carolina Court of Appeals following his 2014 judgment of conviction. His petition suggest that he actually filed a motion for appropriate relief ("MAR"), which was filed in the Superior Court of Catawba County on October 7, 2019, raising ineffective assistance of counsel and sentencing error. [Id. at 2, 5, 20, 35]. The MAR was denied and dismissed on October 30, 2019. [Id.]. Petitioner appealed that decision, and on March 24, 2020, the North Carolina Court of Appeals dismissed the appeal. [Id.]. He then filed a petition for discretionary review, which the North Carolina Supreme Court denied on August 7, 2020. [Id. at 3].

Petitioner filed the pending Petition for Writ Habeas Corpus on August 28, 2020. [Doc. 1]. Petitioner alleges that his due process rights were violated and that in entering his guilty plea, he relied upon his attorney's representations that his sentence would run concurrent to a sentence he was serving in South Carolina. [Id. at 5, 17-21]. Petitioner claims he later discovered that his North Carolina sentence would run consecutive to the South Carolina sentence. [Id.]. Petitioner requests that this Court remand the matter for a new sentencing hearing. [Id. at 14].

On May 18, 2022, following this Court's initial review of the petition, the Court ordered Petitioner to show cause why the petition should not be dismissed as untimely within 21 days of the Court's Order. [Doc. 3 at 6]. The Court also denied Petitioner's motion to proceed in forma pauperis and ordered Petitioner to pay the filing fee within 30 days. [Id.]. On June 8, 2022, rather than comply with the Court's Order, Petitioner filed an Amended Petition for Writ of Habeas Corpus and an Amended Motion to Proceed in Forma Pauperis. [See Docs. 4, 5]. Finally, on or about October 31, 2022, Petitioner paid the filing fee and responded to the Court's Braxton Order. [Doc. 7; 10/31/2022 Docket Entry].

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a "properly filed" application for State post-conviction action. 28 U.S.C. § 2244(d)(2).

Because the Petitioner pleaded guilty and did not file a direct appeal, his conviction became final on December 17, 2014, fourteen days after the December 3, 2014 judgment. See N.C. R. App. 4(a)(2) (providing 14 days in which to seek appellate review of criminal judgment and conviction). Petitioner, therefore, had one year from December 17, 2014 to seek relief under § 2254. See 28 U.S.C. § 2244(d)(1). A timely filed MAR tolls this limitations period. See Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005) (untimely state postconviction petition is not "properly filed" and, therefore, does not toll AEDPA's limitations period). Petitioner, however, did not file an MAR until October 7, 2019 – nearly five years after the limitations period expired. As such, Petitioner's MAR did not toll the AEDPA's one-year limitations period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an

4

already expired federal limitations period). As such, Petitioner's petition must be dismissed as untimely absent the application of equitable tolling.

Equitable tolling of the statute of limitations for an otherwise untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). Equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

In his untimely response, Petitioner argues that "he is a layman at law," "has very limited knowledge of the law," and "had no access to an adequate law library." [Doc. 7 at 1]. Petitioner also claims that "he has filed supporting documents and motions within the appropriate time frames that shows appropriate and timely filed dates, but erroneously omitted signing and dating some documents." [Id. at 2]. Finally, Petitioner claims that he was "in fact granted an evidentiary hearing" in which "to develop the factual basis of a claim … that could not have been previously discovered." [Id. at 4].

Even if Petitioner's response had been timely, he has failed to meet the very high standard for application of equitable tolling. He has not shown that extraordinary circumstances prevented him from timely filing his petition. Petitioner's complaints concerning lack of legal knowledge or access to law libraries are not the type of extraordinary circumstances outside his control or egregious misconduct to warrant the application of equitable tolling. Garcia Negrete v. United States, 2020 WL 2041342, *2 (W.D.N.C. April 28, 2020). See also United States v. Sosa, 354 F.3d 507, 512 (4th Cir. 2004) (ignorance of the law does not provide a basis for equitable tolling); Buchnowski v. White, 2013 WL 171540, *3 (W.D.N.C. January 16, 2013) (absence of law libraries is not grounds for equitable tolling). Petitioner's claims that he timely submitted supporting documents and was granted an evidentiary hearing, to the extent he is referring to the instant proceedings, are plaining contradicted by the record. The Court, therefore, concludes that equitable tolling of the limitations period should not be applied here.

Because Petitioner has failed to show timeliness or that he is entitled to equitable tolling, the Court will dismiss his § 2254 petition as untimely.

### III. CONCLUSION

For the reasons stated herein, the Court will dismiss Petitioner's § 2254 Petition for Writ of Habeas Corpus as untimely.

6

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's Amended Motion to Proceed in Forma Pauperis [Doc. 5] is **DENIED** as moot.

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED**.

Signed: January 16, 2023

Martin Reidinger
Chief United States District Judge